UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK A. SCOTT,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-171

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**
_____

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI") and/or Disability Insurance Benefits ("DIB").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 8), and the record as a whole.[3]

I.

A.    **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of November 12, 2014. PageID 273-85. Plaintiff claims disability as a result of a number of alleged impairments

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

including, *inter alia*, lumbar spine degenerative disc disease, fibromyalgia, carpal tunnel syndrome, depression, and anxiety. PageID 55.

After an initial denial of his applications, Plaintiff received a hearing before ALJ Gregory Kenyon on April 11, 2017. PageID 80-118. The ALJ issued a written decision on September 18, 2017 finding Plaintiff not disabled. PageID 53-65. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[4] "there are jobs in that exist in significant numbers in the national economy that [he] can perform[.]" PageID 57-64. The Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the Commissioner's final administrative decision. PageID 38-40. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

Evidence of record is summarized in the ALJ's decision (PageID 56-63), Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), and Plaintiff's reply (doc. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[4] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id*. § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id*. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id*. § 404.1567(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

3

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that substantial evidence does not support: (1) the mental health limitations set forth by the ALJ in the RFC finding; and (2) the ALJ's evaluation of opinion evidence submitted by examining physician William Smith, D.O. PageID 1523-31. Finding error in the ALJ's RFC determination regarding Plaintiff's mental health limitations, the undersigned does not address the merits of Plaintiff's second alleged error and, instead, would direct -- as set forth below -- that the ALJ reweigh Dr. Smith's opinion on remand in light of Plaintiff's arguments and the undersigned's comments below.

**A.   Mental Health Limitations**

The Commissioner's regulations provide that a claimant's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). An individual's RFC "is the most [he or she] can still do despite [his or her] limitations." *Id*. While the determination of an RFC is within the ALJ's province, "the RFC is ultimately a medical question that must find at least some support

in the medical evidence of record." *Powell v. Comm'r of Soc. Sec.*, No. 3:15-CV-406, 2017 WL 1129972, at *4 (S.D. Ohio Mar. 27, 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). In other words, "[t]he [RFC] opinions of treating physicians, consultative physicians, and medical experts who testify at hearings are crucial to determining a claimant's RFC because '[i]n making the residual functional capacity finding, the ALJ may not interpret raw medical data in functional terms.'" *Isaacs v. Astrue*, No. 1:08-CV-00828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Commissioner*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

Here, Plaintiff argues that the ALJ committed error by failing to set forth an appropriate limitation concerning his ability to work around, and be in contact with, others in the workplace. PageID 1527. In this regard, Plaintiff points to the opinions of record-reviewers Kristen Haskins, Psy.D. and Carl Tishler, Ph.D., who both opine that, with regard to Plaintiff's ability to sustain concentration and persist in the workplace, he possesses "the ability to attend [work] and concentrate for periods of two hours in a setting where [he] can work away from others." PageID 131, 162. In addition, Drs. Haskins and Tishler also both opine that, with regard to Plaintiff's ability to socially interact with others, he "has the ability to interact appropriately. . . in [a] workplace that has [an] expectation for occasional, superficial interactions." *Id*.

The ALJ gave "little weight" to the opinions of these record-reviewers, not because he found their opinions exaggerated, but because "some additional evidence added to the record after their review[] indicates greater limitation regarding [Plaintiff's] contact with others." PageID 61. In other words, the ALJ appears to have accepted the opinion that Plaintiff is limited in his ability to be in contact with others, but to a degree *more* restrictive than that opined by Drs. Haskins and Tishler. *Id*. However, when setting forth Plaintiff's RFC in that regard, the ALJ found *less* restrictive limitations than those opined by Drs. Haskins and Tishler. PageID 57. Specifically, while the ALJ found -- as did Drs. Haskins and Tishler -- that Plaintiff was capable of "occasional

5

contact with co-workers and supervisors[,]" he set forth no limitation regarding the quality of contact Plaintiff was capable of having with coworkers and supervisors (*i.e.*, some limitation greater than superficial contact),[5] and neglected to address Plaintiff's apparent need to work away from others so as to be capable of attending work and concentrating for two hour periods. *Id*.

The Commissioner argues that the ALJ's statement relating to the need for "greater limitation regarding contact with others" is a statement intended to apply only to the record-reviewers' opinions concerning Plaintiff's abilities to socially interact with others in the workplace, not his apparent need to work away from others for purposes of maintaining concentration, persistence, and pace. Doc. 12. Even assuming, *arguendo*, that the Commissioner's position is correct, and the ALJ's statement applied only to Plaintiff's ability to socially interact, the RFC found by the ALJ would still appear deficient because no greater limitation than that opined by the record-reviewers was given in that regard. Because the social interaction limitation set forth by the ALJ in the RFC is not "greater" than that opined by Drs. Haskins and Tishler, the ALJ's analysis is unsupported by substantial evidence and a remand is needed for additional analysis and explanation by the ALJ in this regard. *Cf. O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015) (string citation omitted).

**B.    Weighing of Examining Source Opinion Evidence**

In his second assignment of error, Plaintiff argues that the ALJ erred in weighing the opinion of examining physician Dr. Smith. PageID 1528. Dr. Smith, who examined Plaintiff one

---

[5] "[O]ccasional and superficial are not coterminous." *Danielson v. Comm'r of Soc. Sec.*, No. 3:18-CV-84, 2019 WL 1760071, at *4 (S.D. Ohio Apr. 22, 2019), *report and recommendation adopted*, No. 3:18-CV-84, 2019 WL 2011077 (S.D. Ohio May 7, 2019). "Instead, [o]ccasional contact goes to the quantity of time spent with [] individuals, whereas superficial contact goes to the quality of the interactions." *Id*. (internal quotation marks omitted) (citing *Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)). Courts have found error where, as here, an ALJ fails to address a medical source's opinion regarding both the nature and frequency of an individual's ability to interact with others in the workplace. *See Walsh v. Colvin*, No. 3:15CV1708, 2016 WL 1752854, at *14 (N.D. Ohio May 3, 2016); *Gonzalez v. Colvin*, No. 1:13-CV-01358, 2014 WL 1333713, at *9 (N.D. Ohio Mar. 28, 2014); *Hill v. Colvin*, No. 3:14-CV-2073-TLS, 2015 WL 8752361, at *5 (N.D. Ind. Dec. 14, 2015).

6

time in spring 2015,[6] found that, *inter alia*, Plaintiff "is incapable of any lifting, carrying, pushing, or pulling due to his back problem" and is limited to 45 minutes of sitting, standing, and walking "because of his lower back issues." PageID 939. The ALJ gave Dr. Smith's opinion "little weight" because objective evidence of record "indicates [Plaintiff] has [a] normal gait and does not have ongoing treatment related to gait disturbance, strength, or sensation difficulty"; and also because his "restrictions are wholly inconsistent with the mild objective findings, and with his own examination findings." PageID 62.

Because the undersigned finds remand appropriate as set forth above, the undersigned need not address the merits of Plaintiff's alleged error in this regard. Instead, the ALJ shall consider Plaintiff's arguments on remand and reweigh Dr. Smith's opinion anew. Although the undersigned does not reach the merits of Plaintiff's second argument on appeal, the undersigned does note that the ALJ's analysis concerning Dr. Smith's opinion lacks specific explanation as to why MRI results documenting degenerative disc disease of the lumbar spine fail to support Dr. Smith's opinion or why notations regarding Plaintiff's "normal gait" undermine it.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17

---

[6] It is not clear when Dr. Smith examined Plaintiff. PageID 937-39. The front page of Dr. Smith's report is dated March 25, 2015, whereas the second and third pages of his report are dated May 25, 2015. *Id*. The date of Dr. Smith's examination of Plaintiff, however, is not critical to the undersigned's review on appeal.

F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:** (1) the ALJ's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case be **CLOSED**.

Date: June 13, 2019                                        s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** per Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).